WILLIAM S. HILLS & another *vs.* BRADFORD S. FARRINGTON.

The mortgagee of personal property which has been attached on a writ against the mortgagor cannot maintain an action against the officer for taking the same, if, in his statement of the debt for which the property is liable to him, delivered in pursuance of Gen. Sts. *c.* 123, § 63, he included a sum which was not covered by his mortgage.

TORT by a mortgagee of personal property, against an officer who attached the same on a writ against Joseph O. Farrell, the mortgagor. The plaintiff, in pursuance of Gen. Sts. *c.* 123, § 63, in demanding payment of the money due to him, delivered to the officer a statement in writing that there was due under the mortgage "the sum of $172.03." A trial by jury was waived in the superior court, and *Ames,* J. gave judgment for the plaintiffs, and the defendant alleged exceptions. The other material facts are stated in the opinion.

*E. M. Bigelow,* for the defendant.

*H. W. Muzzey,* for the plaintiffs.

METCALF, J. The date of Farrell's mortgage to the plaintiffs is November 21, 1859, and the condition thereof is this: "If the said Farrell, his executors," &c., "shall well and truly pay unto the said Hills & Brother, their executors," &c., "the sum of one hundred dollars on the first day of January next, and also shall pay all other sums of money which shall hereafter become due by said Farrell unto said Hills & Brother for or on account of any and all goods and property hereafter sold or to be sold and delivered by said Hills & Brother to said Farrell during the twelve months next ensuing after date hereof, when

the debts shall become due and payable, then this deed shall be void." The attachment of the mortgaged goods was made by the defendant in May 1860, and the demand on him by the plaintiffs was on the 16th day of that month.

The defendant relies on a single ground of defence to this action, namely, that the plaintiffs did not, when demanding of him payment of the money due to them under the mortgage, ' state in writing a just and true account of the debt or demand " for which the mortgaged property was liable to them, as required by the Rev. Sts. *c.* 90, § 79, and Gen. Sts. *c.* 123, § 63. And he has cited, in support of this ground of defence, a *dictum* — not a decision of the court — in *Johnson* v. *Sumner,* 1 Met. 178, that if a mortgage were made on condition to secure several demands described in general terms, a statement of the result, composed of the aggregate of several distinct demands, would not be " a just and true account, within the meaning of the statute." We are not aware that this *dictum* has ever, by any adjudication, been affirmed or denied. Nor need we now express any opinion as to its correctness. For we are of opinion that there is another ground on which these exceptions must be sustained.

The burden is on the plaintiffs to show that, when they demanded of the defendant payment of the money due to them, they stated in writing and delivered to him a just and true account of the debt or demand for which the mortgaged property was liable to them. That property was not liable to them for money which they furnished to Farrell after the mortgage was made, to wit, after the 21st of November 1859. By the terms of the mortgage, it extended to no debts subsequently to be incurred by Farrell, besides debts for goods and property that might be sold and delivered to him by the plaintiffs. Yet it appears in the bill of exceptions that the plaintiffs, at the trial, showed that they not only furnished Farrell with goods, after the date of the mortgage, but also with $27 in cash, and that the whole debt which he owed them, at the time of the attachment, was $172.03. The natural inference seems to the court to be, that the $27 constituted a part of the $172.03,

otherwise, we cannot see any reason why the $27 in cash should have been brought into the case. If the $27 were included in the aggregate sum which was proved to be due from Farrell to the plaintiffs, it is very clear that they did not state a just and true account, and that this action cannot be maintained. For the purpose of giving the parties an opportunity to make it certain whether the $172.03 did or did not include the money furnished to Farrell, we sustain the exceptions. This is a point in the case which seems never to have occurred to counsel, and which of course was not presented to the consid eration of the judge at the trial. *Exceptions sustained.*